Approved: *Jenna M. Dabbs*   **07 MAG**   **523**
          Jenna M. Dabbs
          Assistant United States Attorney

Before:  HONORABLE DOUGLAS F. EATON
        United States Magistrate Judge
        Southern District of New York

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA    :  **COMPLAINT**

      - v. -               :  Violation of
                            :  18 U.S.C. § 2250
KEVIN BROWN,              :

          Defendant.     :  COUNTY OF OFFENSE:
                            :  NEW YORK

- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      MICHAEL ROMANI, being duly sworn, deposes and says that he is a Deputy United States Marshal with the United States Marshals Service ("USMS"), and charges as follows:

### COUNT ONE

      From in or about May of 2006, through on or about March 19, 2007, in the Southern District of New York and elsewhere, KEVIN BROWN, the defendant, an individual required to register under the Sex Offender Registration and Notification Act, did travel in interstate commerce and knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act, to wit, the defendant moved in or about May of 2006 from New Jersey to New York, New York, and has since traveled between New York and New Jersey on multiple occasions, without updating his information with New Jersey's sex offender database, or registering in New York as required by law.

      (Title 18, United States Code, Section 2250.)

### STATUTORY AUTHORITY

      This investigation concerns alleged violations of Title 18, United States Code, Section 2250, the "Adam Walsh Act," concerning certain activities relating to failing to register under the Sex Offender Registration and Notification Act. Section 2250 of Title 18 states, in relevant part:

> Whoever,
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(B). . . travels in interstates or foreign commerce . . . and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years or both.

18 U.S.C. § 2250.

New Jersey law imposes certain registration duties on sex offenders. The relevant portion of that statute states:

> A person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sex offense [defined to include, among other offenses, aggravated sexual assault, sexual assault, aggravated criminal sexual contact] shall register as provided in subsections c. and d. of this section.

NJ Statutes Annotated 2C: 7-2(a)(1). Subsection (c) of the statutory section provides, in relevant part, that "[a] person confined in a correctional facility...who is required to register shall register prior to release in accordance with procedures established by the Department of Corrections ... and, within 48 hours of release, shall also register with the chief law enforcement officer of the municipality in which the person resides or, if the municipality does not have a local police force, the Superintendent of State Police." Subsection (d) of the statutory section provides, in relevant part:

> Upon a change of address, a person shall notify the law enforcement agency with which the person is registered and shall re-register with the appropriate law enforcement agency no less than 10 days before he intends to first reside at his new address.

NJ Statutes Annotated 2C: 7-2(d).

New York law likewise imposes certain registration duties on sex offenders. The relevant portion of that statute states:

>A sex offender who has been convicted of a
>[felony in any other jurisdiction for which
>the offender is required to register as a sex
>offender in that jurisdiction] shall notify
>the division of the new address no later than
>ten calendar days after such sex offender
>establishes residence in this state.

Registration for Change of Address From Another State, McKinney's Correction Law § 168-k(1).

## INVESTIGATION

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am a Deputy United States Marshal with the USMS. I have been employed with the USMS for approximately nine years. I am currently assigned to the fugitive squad, and I serve as the sexual offender investigative coordinator for this district.

2. I have participated in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, and conversations I have had with other law enforcement officers about this matter. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included herein the details of every aspect of the investigation. Where actions, conversations and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

3. KEVIN BROWN, the defendant, is a Tier 2 registered sex offender. He was convicted on or about May 6, 1977, in County Court for Union County, New Jersey, of rape and robbery, both in the first degree, in violation of New Jersey state law, as a result of the sexual assault of a twenty-two-year-old woman committed in the course of an armed robbery.

4. As a result of that conviction, KEVIN BROWN, the defendant, is required under New Jersey law to register as a sex offender. Based on my investigation, I have learned that BROWN is required to register as a sex offender annually until at least the year 2020.

5. The New Jersey registration requirement was made effective in 1994, and all individuals incarcerated, on parole,

or on probation as of the effective date or thereafter, who have been convicted at some point in time of a qualifying offense, are required under New Jersey law to register.

6. Based on my review of New Jersey State Department of Corrections records, I have learned that KEVIN BROWN, the defendant, was incarcerated from in or about February 2003 through in or about December 2005, in connection with a conviction for attempted burglary in the third degree, in violation of New Jersey Statutes Annotated 2C:5-1. While at the Riverfront State Prison, on or about September 13, 2005, BROWN completed a form entitled "Acknowledgement of Duties of Address Verification and Registration," in which he provided an intended residence upon release from custody at 15 Raymond Avenue in Plainfield, New Jersey. In the acknowledgement form, BROWN confirmed the following understandings, among others:

a. "I understand that I must verify my address with the Plainfield Police Department every year."

b. "I understand that if I move, I must notify the Plainfield Police Department and the Police Department in the town in where I intend to live, at least ten (10) days before I move. I must then re-register in my new town."

c. "I understand that if I move to another State, I will be subject to any and all laws governing sex offender registration procedures."

7. Based on my review of New Jersey State Department of Corrections records, I have learned that KEVIN BROWN, the defendant, subsequently completed additional registration forms prior to his release from custody on December 22, 2005.

a. On or about December 12, 2005, BROWN submitted a form listing his intended address as 600 Market Street, Camden, New Jersey.

b. On or about December 13, 2005, BROWN submitted a form listing his intended address as Saints Prison Ministry, 235 West Main Street, Moorestown, New Jersey.

c. In both of the forms referenced above, BROWN confirmed his understanding that he must verify his address with local authorities every year, that he must notify local authorities if he decides to move, and that if he moves to another state, he is subject to all laws governing sex offender registration procedures.

8.  Based on my review of documents maintained by New Jersey State law enforcement offices and my discussions with New Jersey law enforcement personnel, I have learned the following:

   a.  On or about December 29, 2005, following his release from the Riverfront State Prison, KEVIN BROWN, the defendant, registered with authorities in Camden County, reporting his residence as 632 Erie Street in Camden, New Jersey. In connection with this registration, BROWN certified his understanding that if he moved to another address, he was required to inform the authorities in Camden, as well as the authorities in his new location, ten days prior to the move, and thereafter to re-register in his new location.

   b.  On or about January 20, 2006, BROWN registered with the Cherry Hill Police Department, reporting his residence as 2389 Route 70, Howard Johnson Motel, Room #125, Cherry Hill, New Jersey. In connection with this registration, BROWN certified his understanding that if he moved to another address, he was required to inform the authorities in Cherry Hill, as well as the authorities in his new location, ten days prior to the move, and thereafter to re-register in his new location.

   c.  On or about April 8, 2006, BROWN registered with the Barrington Police Department, reporting his residence as 308 White Horse Pike, Room 215, Barrington, New Jersey. I understand that a motel is located at 308 White Horse Pike. In connection with this registration, BROWN certified his understanding that if he moved to another address, he was required to inform the authorities in Camden, as well as the authorities in his new location, ten days prior to the move, and thereafter to re-register in his new location.

   d.  Thereafter, the New Jersey authorities determined that BROWN left the Barrington, New Jersey residence on or about April 11, 2006, and failed to report any change of address to the authorities. On or about June 19, 2006, a warrant was issued for BROWN's arrest, in connection with his failure to comply with reporting requirements.

9.  Based on my review of records maintained by the City of New York, Human Resources Administration, I have learned that KEVIN BROWN, the defendant, applied for public assistance. In the application materials submitted by BROWN in or about the Fall of 2006, his residence was listed as 2745 8th Avenue, Apartment 3C, New York, New York. BROWN was listed as the

secondary tenant in that apartment, and another individual ("Witness-1") was listed as the primary tenant.

10. On or about March 19, 2007, KEVIN BROWN, the defendant, was arrested at 2745 8th Avenue, Apartment 3C, New York, New York, by United States Marshals Service Regional Fugitive Task Force, in connection with the warrant issued in Camden County, New Jersey. Based on my review of a letter on the letterhead of Ready Willing & Able, The Doe Fund, which was found in the wallet of KEVIN BROWN, the defendant, when he was arrested, I learned that BROWN was a participant in the Ready Willing & Able program, through the Harlem I Men's Shelter, from May 5, 2006 through November 17, 2006.

11. On or about April 3, 2007, I interviewed Witness-1 at 2745 8th Avenue, Apartment 3C, New York, New York, and she told me the following:

   a. Witness-1 met KEVIN BROWN, the defendant, in or about June 2006, in a park in her neighborhood. At the time, BROWN told her that he worked for the Ready, Willing and Able program.

   b. Witness-1 developed a romantic relationship with BROWN, and he moved into her apartment at the end of July 2006. BROWN lived with Witness-1 at 2745 8th Avenue, Apartment 3C, New York, New York, until his arrest in March 2007.

   c. BROWN was employed by a dry cleaning business on the corner, and regularly provided Witness-1 with money for groceries and utility bills.

   d. BROWN spent most of his time at home, unless he was working. BROWN also traveled to New Jersey to visit his family.

12. On or about April 3, 2007, I interviewed the current and former managers of a dry cleaning business located at 2785 8th Avenue, New York, New York. Based on those conversations, I learned the following:

   a. KEVIN BROWN, the defendant, was hired on or about February 9, 2007. At that time, he provided a home address of 2745 8th Avenue, Apartment 3C, New York, New York.

   b. BROWN worked at the dry cleaning business five days per week, sometimes six days per week, washing windows and picking up and delivering dry cleaning.

        c.    BROWN was paid in cash directly from the dry cleaning store register, and these payments were sometimes documented.  BROWN received $150 per week in salary, not including delivery tips and a monthly $40 payment for window cleaning.

        d.    On one occasion during the course of his employment, BROWN told his supervisor that he had been absent from work because he went to New Jersey to visit his brother.

        13.    I have verified through the New York State Division of Criminal Justice Services Sex Offender Database that KEVIN BROWN, the defendant, is not registered in the State of New York as a sexual offender.

        WHEREFORE, deponent asks that KEVIN BROWN, the defendant, be arrested and imprisoned or bailed, as the case may be.

_____
MICHAEL ROMANI
DEPUTY UNITED STATES MARSHAL
UNITED STATES MARSHAL'S SERVICE

Sworn to before me this
5th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK